IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
2019 AUG 21  PM 12: 43
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN PR

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. [60] JOMAR RASHID TORRES-TORRES, Defendant. | CRIMINAL NO. 18-413 (ADC) |

**PLEA AGREEMENT**
(Pursuant to Rule 11(c)(1)(B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Capó-Iriarte, Assistant United States Attorney, Chief, Criminal Division; Alberto R. López-Rocafort, Assistant United States Attorney, Unit Chief, Gang Unit; Kelly Zenón-Matos, Assistant United States Attorney; defendant's counsel, Tim Bower-Rodriguez, Esq.; and defendant [60] JOMAR RASHID TORRES-TORRES, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

*Count One*

Beginning on a date unknown, but no later than in or about the year 2014, and continuing up to and until the return of the instant indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, [60] JOMAR RASHID TORRES-TORRES and others, did knowingly and intentionally, combine, conspire, and agree with each other and

USA v. [60] Jomar Rashid Torres-Torres, Criminal No. 18-413(ADC).
Plea Agreement
Page 2

with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marihuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of real property comprising a playground, all within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, United States Code, Sections 841(a)(1), 846, and 860.

2. **STIPULATED AMOUNT OF NARCOTICS**

For purposes of this plea agreement, as to Count One of the indictment, the parties stipulate that defendant conspired to possess with intent to distribute at least 2 kilograms but less than 3.5 kilograms of cocaine.

3. **MAXIMUM PENALTIES**

The penalty for the offense charged in Count One of the indictment is a term of imprisonment of not less than ten (10) years or more than life pursuant to Title 21, United States Code, Section 841(a)(1)(b)(1)(A); a fine not to exceed twenty (20) million dollars ($20,000,000), pursuant to Title 21, United States Code, Section 841(a)(1)(b)(1)(A) and 860; a supervised release term of at least ten (10) years, pursuant to Title 21, United States Code, Section 841(b)(1)(B)(i);

and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

However, the penalty for the offense charged in Count One of the indictment with a stipulated amount of narcotics of at least 2 kilograms but less than 3.5 kilograms of cocaine, is a term of imprisonment of no less than five (5) years and up to eighty (80) years, pursuant to Title 21, United States Code, Section 841(b)(1)(C) and 860; a fine not to exceed ten (10) million dollars ($10,000,000), pursuant to Title 21, United States Code, Section 841(b)(1)(C); a supervised release term of at least six (6) years, pursuant to Title 21, United States Code, Section 841(b)(1)(C); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

4.      APPLICABILITY OF SENTENCING GUIDELINES

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 United States Code, Section 3551, et seq. (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges to be aware that parole has been abolished and the imposition of a sentence may not be suspended.

5.      SPECIAL MONETARY ASSESSMENT

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

6.      FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete

USA v. [60] Jomar Rashid Torres-Torres, Criminal No. 18-413(ADC).
Plea Agreement
Page 4

information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500).

### 7. RULE 11(e)(1)(B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

### 8. SENTENCING GUIDELINES CALCULATIONS

Although the Guidelines are now advisory, United States v. Booker, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. Booker, 125 S.Ct. At 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to Count One of the indictment.

USA v. [60] Jomar Rashid Torres-Torres, Criminal No. 18-413(ADC).
Plea Agreement
Page 5

| SENTENCING GUIDELINES CALCULATION TABLE (COUNT ONE) Title 21, U.S.C., Section 841(a)(1), 846, and 860 | |
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G.§2D1.1(c)(5)] (Possession of at least 2 kilograms but less than 3.5 kilograms of cocaine) | 26 |
| PROTECTED LOCATION [U.S.S.G. §2D1.2(a)(1)] (Distribution within 1,000 of PHP/School Zone) | +2 |
| Acceptance of Responsibility [§ 3E1.1] | -3 |
| TOTAL OFFENSE LEVEL | 25 |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY CATEGORY I<br>IF CRIMINAL HISTORY CATEGORY II<br>IF CRIMINAL HISTORY CATEGORY III<br>IF CRIMINAL HISTORY CATEGORY IV<br>IF CRIMINAL HISTORY CATEGORY V<br>IF CRIMINAL HISTORY CATEGORY VI | 57-71<br>63-78<br>70-87<br>84-105<br>100-125<br>110-137<br>months<br>ZONE D |
| THERE IS NO STIPULATION AS TO DEFENDANT'S CRIMINAL HISTORY CATEGORY | |

a. **SENTENCE RECOMMENDATION:** After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), at sentencing, the parties will recommend a sentence of sixty (60) months of imprisonment. The parties further agree that defendant's conviction in Commonwealth of Puerto Rico case number K SC2016G0419 is relevant conduct and that in the instant case, the sentence of imprisonment shall be imposed pursuant to U.S.S.G. §5G1.3(b)(1) and §5K2.23.

9. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties.

<u>USA v. [60] Jomar Rashid Torres-Torres,</u> Criminal No. 18-413(ADC).
Plea Agreement
Page 6

### 10.   WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is seventy-eight (78) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11.   SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with defendant's counsel, Tim Bower-Rodriguez, Esq., and indicates that counsel has rendered effective legal assistance.

### 12.   RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a.   If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.   If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the

       defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

    d.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

    e.    At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

**13.**    **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

USA v. [60] Jomar Rashid Torres-Torres, Criminal No. 18-413(ADC).
Plea Agreement
Page 8

### 14. LIMITATIONS OF PLEA AGREEMENT

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

### 15. ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

### 16. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

### 17. DISMISSAL OF REMAINING COUNTS

At sentencing, should the defendant comply with the terms of this Plea Agreement, the Government will move to dismiss the remaining Counts of the indictment.

### 18. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

**(SIGNATURES ON NEXT PAGE)**

USA v. [60] Jomar Rashid Torres-Torres, Criminal No. 18-413(ADC).
Plea Agreement
Page 9

RESPECTFULLY SUBMITTED.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

_____
José Capó-Iriarte
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 5/9/19

_____
Tim Bower-Rodriguez, Esq.
Counsel for Defendant
Dated: 8/21/19

_____
Alberto R. López-Rocafort
Assistant U.S. Attorney
Unit Chief, Gang Unit
Dated: 5/8/2019

_____
Jomar Rashid Torres-Torres
Defendant
Dated: 8/21/19

_____
Kelly Zenón-Matos
Assistant U.S. Attorney
Dated: 5/8/19

USA v. [60] Jomar Rashid Torres-Torres, Criminal No. 18-413(ADC).
Plea Agreement
Page 10

I have consulted with my counsel and fully understand all my rights with respect to the Information pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provision of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 8/21/19

_____
Jomar Rashid Torres-Torres
Defendant

I am the attorney for the defendant. I have fully explained to the defendant the defendant's rights with respect to the pending Information. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have also explained to the defendant the advisory nature of the Sentencing Guidelines. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement To my knowledge, the defendant is entering into this agreement is voluntarily, intelligently and with full knowledge of all the consequences of defendant's plea of guilty.

Date: 8/21/19

_____
Tim Bower-Rodriguez, Esq.
Counsel for Defendant

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying plea agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violation of Title 21, United States Code, Sections 841 (a)(1)846.

Specifically, defendant admits that beginning on a date unknown, but no later than in or about the year 2014, and continuing up to and until the return of the indictment, in the Municipality of San Juan, District of Puerto Rico, and within the jurisdiction of this Court, [60] JOMAR RASHID TORRES-TORRES, the defendant herein, did knowingly and intentionally, combine, conspire, and agree with the rest of the defendants and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marihuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of real property comprising a playground, all within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, United States Code, Sections 841(a)(1), 846, and 860.

The object of the conspiracy was the large-scale distribution of controlled substances at the Figueroa Ward (commonly referred to as "La Colectora") and other areas, located within the Municipality of San Juan, Puerto Rico, all for significant financial gain and profit.

Specifically, [60] JOMAR RASHID TORRES-TORRES acted as seller within the conspiracy. It was further part of the manner and means of the conspiracy that sellers were accountable for the drug proceeds and the narcotics sold at the drug distribution points. Sellers would distribute street quantity amounts of heroin, cocaine, marihuana, Oxycodone, and Alprazolam.

USA v. [60] Jomar Rashid Torres-Torres, Criminal No. 18-413(ADC).
Plea Agreement
Page 12

The defendant acknowledges that during the span of the conspiracy, he was recorded in the drug point at La Figueroa Ward.

While multiple kilograms of cocaine, heroin, marihuana, oxycodone and alprazolam were distributed during the span of the conspiracy, for the sole purpose of this plea agreement, defendant [60] JOMAR RASHID TORRES-TORRES acknowledges that she conspired with the rest of the members of the conspiracy charged in Count One of the indictment to possess with intent to distribute at least 2 kilograms but less than 3.5 kilograms of cocaine.

At trial, the United States would have proven beyond a reasonable doubt that the defendant is guilty as charged in Counts One. This would have been proven through physical and documentary evidence, including, but not limited to, video recordings, testimony of DEA and PRPD agents, expert witnesses, cooperating defendants, confidential informants, photographs, documents, laboratory tests, including chemical and firearm tests, and other physical evidence.

Discovery was provided to the defendant.

_____
Kelly Zenón-Matos
Assistant U.S. Attorney
Dated: 5/8/19

_____
Tim Bower-Rodriguez, Esq.
Counsel for Defendant
Dated: 8/21/19

_____
Jomar Rashid Torres-Torres
Defendant
Dated: 8/21/19